CAUSE NO. _____

| | | |
|---|---|---|
| THOMAS EDWARDS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| V. | § | |
| | § | ____ JUDICIAL DISTRICT |
| LAKEVIEW LOAN SERVICING, LLC AND FLAGSTAR BANK, F.S.B. | § | |
| Defendants. | § | |
| | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **THOMAS EDWARDS** ("Plaintiff"), who files this Plaintiff's Original Petition, Application for Injunctive Relief and Request for Disclosure against **LAKEVIEW LOAN SERVICING, LLC** ("Lakeview") **AND FLAGSTAR BANK, F.S.B.** ("Flagstar"), Lakeview and Flagstar herein collectively referred to as "Defendants", and in support thereof, shows the court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

### PARTIES AND SERVICE

2. Plaintiff is an individual who resides in Collin County, Texas.

3. Defendant Lakeview is a foreign entity, doing business under the laws of the State of Texas, and service of process may be effected pursuant to Sections 5.201 and 5.255 of the Texas

Business Organizations Code, by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. Defendant Flagstar, is a foreign entity, doing business under the laws of the State of Texas but no registration can be found with the Secretary of State of the State of Texas. Service of process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving <u>The Secretary of State of Texas at P.O. Box 12079, Austin, Texas 78711 to be delivered to the Vice President of FSB located at 5151 Corporate Drive, Troy, MI 48098-2639</u>.

## 5. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief.

7. This Court has personal jurisdiction because the property, which is the subject of this litigation, is located in Texas and Defendant is doing business within this state.

8. Venue is property in this county because the Property is located in Collin County, Texas.

## FACTS

9. Plaintiff owns and lives in the real property located at 10421 Burgundy Drive, Frisco, TX 75035 (the "Property").

10. Plaintiff executed a promissory note with Cityworth Mortgage LLC (the "Note"). The Note is secured by that certain Deed of Trust dated of same date (the "Deed of Trust"). The Note and the Deed of Trust are collectively referred to herein as the "Loan".

11. Thereafter, the Loan was sold, assigned or transferred to Lakeview who is the mortgagee and Flagstar is the current mortgage servicer of the Loan.

12. Plaintiff suffered a temporary financial hardship and requested loan assistance from Defendants. Flagstar instructed Plaintiff to submit a loss mitigation application to Flagstar which Plaintiff did on or about June 19, 2019.

13. On or about August 21, 2019, Plaintiff submitted updated documents pursuant to Flagstar's request which included documents for review of a short sale offer by a third-party bona-fide party.

14. Flagstar conducted an appraisal of the Property and requested Plaintiff to submit sale price of $242,000 or higher for the short sale to be approved. Plaintiff submitted an amended purchase and sale agreement with sale price of $242,000 to Flagstar on or about November 20, 2019.

15. Plaintiff confirmed with Flagstar agent by the name of Miles, and a loss mitigation supervisor by the name of Eric Marsh that the short sale offer was being reviewed by Federal Housing Administration.

16. However, in spite of Plaintiff's loss mitigation application was under review, Defendants posted Plaintiff's Property for foreclosure sale to occur on January 7, 2020.

17. Plaintiff has not received notice from Flagstar regarding an approval or a denial of his loss mitigation application, yet Defendants intend to proceed with the scheduled foreclosure sale on January 7, 2020.

18. Flagstar confirmed with Plaintiff that the loan modification application was under review.

19. Flagstar has yet to send Plaintiff a written response on whether Plaintiff's loan modification had been approved or denied.

20. Defendants have now posted the Property for a foreclosure sale to occur on January 7, 2020.

21. Plaintiff has expended significant time trying to confirm the status of his loan modification requests and estimates she has missed work and/or incurred expenses in the approximate amount of $1,000.00. Plaintiff has also hired an attorney to protect his interest and home.

## AGENCY AND RESPONDEAT SUPERIOR

22. Whenever in this petition it is alleged that Defendants, did, or failed to do, any act, thing and/or omission, it is meant that Defendants or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendants, and/or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendants.

## VIOLATION OF 12 CFR SECTION 1024.41

23. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

24. Plaintiff submitted a complete loan modification application to Flagstar more than 37 days prior to any posting of a foreclosure sale. Section 1024.41(b)(2)(A) of 12 CFR requires a servicer in receipt of a loss modification application within 37 days or more before a foreclosure sale to review the application to determine if it is complete.

25. Servicer must provide the borrower within 30 days of receipt of the application with written notice stating the servicer's determination as to which loss mitigation option is

available to the borrower. 12 CFR Section 1024.41(c)(1)(ii). Plaintiff did not receive any such notice.

26. Flagstar has failed to comply with 12 CFR Section 1024.41, specifically by failing to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Defendants do not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

27. The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2,000.00, and attorney fees.

## NEGLIGENT UNDERTAKING

28. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

29. To establish a claim for a negligent undertaking, Plaintiff must show that (1) Defendants undertook to perform services that it knew or should have known were necessary for Plaintiff's protection, (2) Defendants failed to exercise reasonable care in performing those services, and either (3) Plaintiff relied upon Defendants' performance, or (4) Defendants' performance increased Plaintiff's risk of harm.

30. As specified above, Defendants undertook to provide loan servicing. Defendants failed to exercise reasonable care in performing these services by not communicating with Plaintiff, with accuracy of the status of the loss mitigation review. Plaintiff relied upon Defendants' performance and Defendants' performance increased Plaintiff's risk of harm causing damages to Plaintiff.

## NEGLIGENT MISREPRESENTATION

31. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

32. Flagstar in the course and scope of their business, made false representations to Plaintiff regarding the loss mitigation review.

33. Negligent misrepresentation requires four elements: (1) Defendants made a representation in the course of its business in which it had a pecuniary interest; (2) Defendants supplied false information for the guidance of others; (3) Defendants did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiff suffered pecuniary loss by justifiably relying on the representation. Fondren Const. Co., v. Briarcliff Housing Dev. Assoc., 196 S. W. 3d 210, 217 (Tex. App.—Houston [1st Dist] 2006.

## ELEMENTS FOR INJUNCTIVE RELIEF

34. In light of the above-described facts, Plaintiff seeks recovery from Defendants.

35. Plaintiff is likely to succeed on the merits of this lawsuit because Defendants are the proximate cause of Plaintiff's damages.

36. Unless this Honorable Court immediately restrains the Defendants and their agents, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

   a. The harm to Plaintiff is imminent because the foreclosure proceedings are set to take place on January 7, 2020.

   b. This imminent harm will cause Plaintiff irreparable injury in that Plaintiff will lose

the Property.

    c. There is no adequate remedy at law that will give Plaintiff complete, final and equal relief because this lawsuit centers on real property.

## BOND

37. Plaintiff is willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

## REMEDY

38. Plaintiff has met Plaintiff's burden by establishing each element that must be present before this court can grant injunctive relief, therefore Plaintiff is entitled to the requested temporary restraining order.

39. Plaintiff requests the court to restrain Defendants from foreclosing on the Property on January 7, 2020 while the temporary restraining order is in effect.

40. It is essential that the court immediately and temporarily restrain Defendants herein, from foreclosing on the Property. It is essential that the Court act immediately, prior to a hearing on the matter because the harm is imminent and the harm to the Plaintiff substantially outweighs any harm to Defendants.

41. In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendants be temporarily enjoined from the foreclosure proceeding.

## REQUEST FOR DISCLOSURE

42.  This Petition includes Plaintiff's Request for Disclosure to each named Defendant. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in rules 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that the Court immediately issue a Temporary Restraining Order against Defendants to bar any foreclosure or forcible detainer proceedings in any form or manner by Defendants or otherwise of the Property.

Further, Plaintiff respectfully prays that upon a final trial, the Court:

a. Enter judgment in favor of Plaintiff for statutory damages and costs.

b. Award Plaintiff compensatory damages as allowed by law;

c. Award Plaintiff her reasonable and necessary attorney fees and costs; and

d. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
D. KIMBERLI WALLACE, PLLC

*/s/ D. Kimberli Wallace*
D. Kimberli Wallace
Texas Bar No. 00792901
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
Tel. (817) 745-4581
Fax (817) 953-7000
Email: kwallace@kwlawfirm.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that, pursuant to the County District Local Rules, a copy of the Plaintiff's Original Petition, Application for Injunctive Relief and a copy of the proposed TRO and at least two hours' notice were given via Facsimile to Barrett Daffin Frappier Turner & Engel, LLP via Facsimile 972-661-7711.

January 6, 2020

/s/ *D. Kimberli Wallace*
D. Kimberli Wallace
Attorney for Plaintiff

# AFFIDAVIT

STATE OF TEXAS §
COUNTY OF Collin §

BEFORE ME, the undersigned authority, personally appeared Thomas Edwards. After I administered an oath to affiant, affiant testified:

"My name is Thomas Edwards. I am over twenty-one years of age and capable of making this verification. I have read the foregoing petition, including the portions that constitute an application for temporary restraining order, and all statements contained in the foregoing petition and application for temporary restraining order are within my personal knowledge and are true and correct.

Name: _____

SUBSCRIBED AND SWORN TO BEFORE ME on this 3 day of January, 20 20.

_____
Notary Public, State of Texas



LINDA LESCALLE
My Notary ID # 126421273
Expires February 22, 2020